IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| FINWISE BANK, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANUFACTURERS AND TRADERS TRUST CO., d/b/a M&T Bank, a New York corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00853-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |
|---|---|

Before the court is Defendant Manufacturers and Traders Trust Co. (M&T)'s Motion to Dismiss for Lack of Personal Jurisdiction.[1] For the reasons stated below, the court GRANTS the Motion.

## BACKGROUND[2]

This action arises out of an allegedly faulty check.[3] Plaintiff FinWise Bank alleges it is a joint recipient of a check paid on March 8, 2024, in the amount of $948,750.[4] According to FinWise, on March 13, 2024, a third party improperly deposited the check with M&T "without receiving FinWise's signature on the check" as required.[5] On November 13, 2024, FinWise initiated this action against M&T asserting a claim for conversion of a negotiable instrument

[1] Dkt. 15, *Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* (*Motion*).

[2] On a motion to dismiss for lack of personal jurisdiction, the court accepts as true all well-pleaded factual allegations in a complaint, "unless they are controverted by sworn statements." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020) (citations omitted).

[3] *See* Dkt. 1, *Complaint*.

[4] *Id.* ¶ 6.

[5] *Id.* ¶¶ 8–9.

under Utah Code § 70A-3-110 and § 70A-3-420.[6] FinWise seeks damages "in the amount of the check, plus interest, attorneys' fees, and all other remedies allowed under Utah Code § 70A-3-101 et al."[7] The court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.[8]

M&T moves to dismiss FinWise's Complaint for lack of personal jurisdiction.[9] The Motion is fully briefed and ripe for decision.[10]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12, a party may move for the court to dismiss a complaint for lack of personal jurisdiction.[11] The Plaintiff "bears the burden of establishing personal jurisdiction,"[12] but must "only make a prima facie showing."[13] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."[14] "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[15]

---

[6] *Id.* ¶¶ 6–11.

[7] *Id.* ¶ 11.

[8] *Id.* at 4.

[9] *See Motion*.

[10] *See* Dkt. 16, *Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* (*Opposition*); Dkt. 17, *Defendant's Reply in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction* (*Reply*).

[11] Fed. R. Civ. P. 12(b)(2).

[12] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[13] *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).

[14] *Id.* (citation omitted).

[15] *Id.* (citation omitted).

When a nonresident defendant disputes personal jurisdiction in a diversity action, the "plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[16] Utah's long-arm statute "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[17] That is, the standards are the same; the court's personal jurisdiction inquiry "collapses . . . into the more general 'due process' standard."[18]

The Fourteenth Amendment's Due Process Clause "constrains a State's authority to bind a nonresident defendant to a judgment of its courts."[19] For the court to exercise personal jurisdiction in accord with due process, a defendant must have sufficient "minimum contacts" with the forum state.[20] "That is, the contacts with the forum State must be such that the defendant 'should reasonably anticipate being haled into court there[]'" so as not to "offend traditional notions of fair play and substantial justice."[21]

The Supreme Court has delineated two types of personal jurisdiction: specific and general.[22] Specific personal jurisdiction permits a court to "exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contact with the forum state."[23]

---

[16] *Far West Cap., Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (citation omitted).

[17] Utah Code § 78B-3-201(3).

[18] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). FinWise structures its general jurisdiction argument as "two inquiries: whether a forum state's long-arm statute permits jurisdiction and whether assertion of personal jurisdiction violates due process." *Opposition* at 4. But, as the court makes clear, this is improper because the standards merge into one inquiry.

[19] *Fluent*, 955 F.3d at 839 (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)).

[20] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[21] *Fluent*, 955 F.3d at 839–40 (first quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); and then quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)).

[22] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[23] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (citation omitted).

Meanwhile, where a defendant is subjected to general jurisdiction, a court may "hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State."[24] "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State."[25] A corporation is typically only subject to a court's exercise of general jurisdiction in its state of incorporation and principal place of business.[26] Importantly, this inquiry concerns "whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'"[27]

**ANALYSIS**

While M&T contends the court lacks both general and specific jurisdiction over it,[28] FinWise argues only the issue of general jurisdiction.[29] The court therefore deems the issue of specific jurisdiction conceded[30] and otherwise agrees with M&T that exercising general jurisdiction here is improper for the reasons explained below.

---

[24] *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1308 (10th Cir. 2024) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017)).

[25] *PureHealth*, 105 F.4th 1300, 1308 (10th Cir. 2024) (quoting *Bristol-Myers Squibb*, 582 U.S. at 262).

[26] *See DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924, at *4 (10th Cir. Oct. 15, 2024) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

[27] *Daimler*, 571 U.S. at 138–39 (alteration in original) (quoting *Goodyear*, 564 U.S. at 919).

[28] *See Motion*.

[29] *See generally Opposition*.

[30] M&T put FinWise on notice that it sought to dismiss the Complaint for lack of *both* general and specific personal jurisdiction. *See Motion* at 4–7. But in opposition, FinWise included only a section arguing general jurisdiction. *See Opposition* at 4–9. Confusingly, FinWise does cite several Utah cases discussing "purposeful availment," *see id.* at 7–9, which is the standard courts consider in assessing specific, not general, personal jurisdiction, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475 (1985). The court finds these references insufficient to meaningfully contest M&T's arguments, so FinWise has waived the issue of specific jurisdiction. But even assuming FinWise had not waived it, the court finds FinWise would be unable to make the necessary prima facie showing. "[A] court may exercise [specific] jurisdiction over an out-of-state party only if the cause of action relates to the party's contact with the forum state." *Old Republic*, 877 F.3d at 904. Here, FinWise has not alleged its cause of action relates to any of M&T's contacts with Utah. *See generally Complaint*; *Opposition*. As M&T explains, "[M&T] accepted a check presented to it by Adorn Sterling, a New York corporation, at a branch in Monroe, New York. It then applied the funds for the check to Adorn Sterling's account located in New York. M&T Bank did not conduct any business in Utah with respect to the check's acceptance or deposit." *See Motion* at 6 (citing *id.*, Ex. A at 1–3). FinWise has presented no evidence controverting the sworn statement provided by M&T. *See generally*

The parties do not dispute that M&T is neither incorporated nor has its principal place of business in Utah.[31] And so the only question is whether its affiliations with Utah are otherwise sufficiently "continuous and systematic" so as to render it essentially "at home" in the State. FinWise argues M&T is subject to general jurisdiction in Utah because its contacts with the state are "overwhelming" for the following reasons: (1) M&T has a "local office" in Salt Lake County; (2) M&T conducts substantial business in Utah, as evidenced by a Senior Vice President who "at least" twice signed and recorded documents in Utah; (3) M&T advertises itself as a preferred lender with the Salt Lake City Home Builders Association; (4) M&T has been involved in over 5,000 real property transactions in "just two counties in Utah" where it is listed as "either first or second party;"[32] (5) M&T "has loaned or otherwise serviced billions of dollars" in Utah over the last seven years;[33] and (6) M&T "likely sends statements and submits correspondence to Utah residents on at least a monthly basis."[34] As a result of these contacts, FinWise contends it is not unfair for this court to exercise personal jurisdiction over M&T.[35]

In reply, M&T explains it operates a call center in Utah where only seven of its over 20,000 employees work.[36] M&T admits it currently services 8,281 loans secured by properties in Utah but clarifies that, across the country, it services 773,220 such loans—meaning the Utah

---

*Opposition*. The court therefore finds FinWise, had it not waived the issue, would have failed to meet its burden to establish specific jurisdiction.

[31] *Compare Complaint* ¶ 2, *with Motion* at 4.

[32] *Opposition* at 5–6 (citations omitted).

[33] *Id.* at 3.

[34] *Id.* at 9.

[35] *Id.* FinWise also argues the court should find it has personal jurisdiction over M&T because M&T is "physically present" in Utah. *See id.* at 8 (emphasis omitted). But that is not the test. The Supreme Court has explained the minimum contacts inquiry first announced in *International Shoe* does not look to a foreign corporation's presence. *See Shaffer v. Heitner*, 433 U.S. 186, 202–03 (1977).

[36] *Motion* at 2–3.

loans represent just over one percent of M&T's portfolio.[37] Additionally, M&T disputes FinWise's allegation that it holds itself out as a preferred lender for the Home Builders Association of Utah.[38] In any event, M&T argues the contacts set forth by FinWise are insufficient to establish general jurisdiction over it because FinWise relies on outdated cases that do not account for new developments in the law.[39] After resolving all factual disputes in FinWise's favor, the court agrees with M&T.

In support of its burden, FinWise directs the court to several cases issued long before the Supreme Court clarified the general jurisdiction inquiry in *Goodyear* and *Daimler*, which the court finds unpersuasive.[40] Instead, the court looks to *Oversen v. Kelle's Transport Service, Inc.* as a current and factually relevant authority.[41] In that case, the plaintiff argued Ford, a nonresident defendant, was at home in Utah because it (1) had registered with and conducted "substantial" business in Utah; (2) sent agents into Utah regularly; (3) operated at least seventeen

---

[37] *Id.* at 3–4.

[38] *Id.* at 4.

[39] *See Reply* at 4–6.

[40] *See Opposition* at 5–7 (relying on *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453 at 457 (10th Cir. 1996) (listing four factors a court should consider when assessing whether it has general jurisdiction but not considering whether the corporate defendant is essentially "at home" in the forum state); *Miller v. Robertson*, No. 2:05-cv-0190-BSJ, 2008 WL 270761, at *3–5 (D. Utah Jan. 29, 2008) (discussing different tests under which a court should evaluate whether general jurisdiction exists but not considering whether the corporate defendant is essentially "at home" in the forum state); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295–97 (10th Cir. 1999) (analyzing whether general jurisdiction existed under Utah law but not considering whether the corporate defendant is essentially "at home" in the forum state); and *Hargrave v. Concord Moon, L.P.*, 278 F. App'x 853, 855–56 (10th Cir. 2008) (finding the plaintiff made a prima facie case of general jurisdiction because of the defendant's "continuous and systematic general business contacts" with the forum state, which is insufficient after *Daimler*)). The correct inquiry is whether a nonresident corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State," *Daimler*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919), which none of FinWise's cited cases address. FinWise also cites *Mountain Run Sols., LLC v. Cap. Link Mgmt., LLC*, No. 2:22-cv-00526-TS-CMR, 2022 WL 17324226, at *3 (D. Utah Nov. 29, 2022), for the proposition that M&T is "at home" in Utah because it has thousands of contracts concerning business dealings in the State, *see Opposition* at 7. But this is a logical error. The court in *Mountain Run* found an absence of business dealings in Utah insufficient to establish personal jurisdiction over a foreign company. *See Mountain Run*, 2022 WL 17324226, at *3. But that does not require the court to find the *presence* of business dealings necessarily confers personal jurisdiction.

[41] No. 2:15-cv-00535-JNP, 2016 WL 8711343 (D. Utah May 12, 2016).

dealerships in in Utah; and (4) advertised its business in Utah.[42] But even taking those allegations as true, the court found it lacked general jurisdiction over Ford because conducting a "substantial, continuous, and systematic course of business" in Utah is still insufficient to render a corporate defendant "at home" in the State.[43] Relying on *Daimler*, the court concluded such contacts "could be demonstrated for almost every automobile manufacturer with respect to every state in the nation . . . But Utah cannot fairly be considered the 'home' of all of those companies."[44]

FinWise alleges similar facts as the plaintiff in *Oversen*, primarily by positing M&T conducts "substantial" business in Utah just as the plaintiff in *Oversen* did, as well as by alleging M&T engages in advertising in Utah by "hold[ing] itself out as a preferred lender."[45] But M&T's alleged contacts with Utah are even less substnatial than Ford's alleged contacts in *Oversen*. FinWise only points to one M&T office physically located in Utah,[46] whereas Ford had at least seventeen dealerships located in the forum state.[47] Just as in *Oversen*, M&T could be deemed at home "with respect to every state in the nation" based on FinWise's allegations. But Utah cannot fairly be considered M&T's "home" where only a small percentage of its business takes place there. As such—where even Ford's significant contacts with Utah were insufficient to confer general jurisdiction—and FinWise cannot establish that M&T's contacts meet, let alone surpass, those alleged in *Oversen*, FinWise has failed to establish a prima facie case of personal jurisdiction over M&T.

---

[42] *Id.* at *2.

[43] *Id.* (citation omitted).

[44] *Id.*

[45] *Opposition* at 4–5.

[46] *Id.* at 5.

[47] *Oversen*, 2016 WL 8711343, at *2.

**CONCLUSION**

For the reasons discussed above, the court GRANTS M&T's Motion to Dismiss for Lack of Personal Jurisdiction.[48] The Clerk of Court is directed to close the case.

SO ORDERED this 3rd day of April, 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

[48] Dkt. 15.